BERZON, Circuit Judge,
concurring:
I would reach the same result as the majority, but on slightly different reasoning. In my view, the language and structure of § 3607(a) supports the conclusion that the statute can, in narrow circumstances, apply to more than one offense, whether committed at the same time or different times, as long as both conditions in the remainder of the statutory provision are met.
The phrase “an offense described in section 404 of the Controlled Substances Act” is, in my view, most naturally read as identifying the kind of offense triggering coverage of the statute, not as limiting the coverage to a single criminal offense. If a statute said that the maximum sentence for “an offense” under a specified provision is X, no one would think that the maximum would not apply to each such offense, or that a defendant who committed two such offenses could be subject only to a single maximum, rather than to double the maximum.
This interpretation is reinforced by the provisions that do state the applicable limitations: “If a person found guilty of an offense described in section 404 of the Controlled Substances Act ... (1) has not, prior to the commission of such offense, been convicted of violating a Federal or *1220 State law relating to controlled substances; and (2) has not previously been the subject of a disposition under this section. ...” § 3607(a). Read in the context of these limitations, the “an offense” phrase refers to each offense of the kind covered — that is, one described in section 404 of the Controlled Substances Act — if the offender meets the statutory criteria— that is, it occurred before conviction of any other controlled substances offense, and the offender was not previously accorded first-offender treatment under § 3607(a). Those criteria are temporal, and so can apply to more than one offense, as long as the timing requirements are met. Had Congress meant to impose as a third limitation that the individual not have committed, or been charged with, another controlled substance offense before commission of the current offense, it could have said that. It didn’t.
So, in my view, whether otherwise-covered offenses occurred on one occasion or two does not matter. This interpretation makes sense given the statutory purpose. As the majority recounts, the statute accords its benefits to those who are first offenders at the time- of the offense of conviction, meaning that they are not recidivists who have proven unreformed despite their earlier encounter with the criminal justice system. Given that focus, why should it matter whether a defendant was discovered with both marijuana and another drug at the same time or on successive days, or whether the sentence imposed was undivided or specific to each offense, as long as each offense occurred before any earlier exposure to the criminal justice system, whether a conviction or a diversion?
I note that, as a practical matter, my understanding of the statute and the majority’s will not diverge very often. The occasions on which a defendant commits a controlled substance offense and then is arrested for another such offense before the judicial disposition on the first one will not be frequent. But they will occur occasionally.
At a minimum, I would not foreclose the application of § 3607(a)’s first-offender treatment to such an individual. Whether the majority intends to do so or not is hard to say; its opinion can be read as doing so, I fear. I therefore concur in the result, but would rely on my plain-text reading of the applicable statute, not on the majority’s more purpose-driven approach.